UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

Eastern District of Kentucky
**F I L E D**

OCT 2 5 2013

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

ALONZO CHAPPELL,

    Plaintiff,

v.

REBECCA TAMEZ, ET AL.,

    Defendants.

|

Civil No. 13-CV-97-GFVT

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Alonzo Chappell, proceeding without counsel, has filed a civil rights

complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in

*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  Chappell alleges that

the defendants miscalculated the term of his federal sentence, which he has served, and that

they caused him to serve more than four years in excess of the term to which he was

originally sentenced in 2000.[1]

The Court must conduct a preliminary review of Chappell's complaint because he has

been granted pauper status and because he asserts claims against government officials.  28

U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

---

[1] On August 7, 2012, Chappell was released from the custody of the Bureau of Prisons ("BOP").  *See*
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstNam
e=alonzo&Middle=&LastName=chappell&Race=U&Sex=U&Age=&x=110&y=25 (last visited on October
21, 2013).  Chappell lists his address as 212 S. 41st Street, Louisville, Kentucky, 40212.

from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Chappell's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Chapell's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, however, the Court must dismiss it with prejudice because Chappell has failed to state a claim upon which relief can be granted.

## I.

On December 6, 1999, Chappell was charged in a Kentucky state court with two counts of criminal possession of a forged instrument. On January 2, 2000, Kentucky authorities moved to revoke Chappell's probation from a previous 10-year sentence for first-degree robbery. On January 7, 2000, Chappell was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* to face federal bank robbery and firearms charges filed against him in the United States District Court for the Western District of Kentucky, at Louisville ("the Western District"). *United States v. Chappell*, No. 3:00-CR-1-EHJ-1 (W.D. Ky. 2003). In March 2000, Chappell pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and to the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). [R. 47.] In July 2000, Chappell was sentenced to a 106-month term of incarceration to be followed by a five-year term of

supervised release. [R. 66.] The Judgment and Commitment Order ("J&C Order") was silent on whether the term was to be served concurrently with or consecutively to any subsequently-imposed state sentence. *Id.* The Western District stated that it would defer to the state court's decision as to whether the sentences would run concurrently or consecutively. Chappell did not appeal his federal sentence.

Chappell was then returned to state custody. Kentucky revoked his probation and reimposed the original ten-year sentence for the prior bank robbery conviction, and sentenced Chappell to one year of imprisonment on the charge of criminal possession of a forged instrument. Both of the state criminal judgments ordered Chappell's sentences to be served concurrently with the federal sentence. On October 15, 2000, Kentucky authorities transferred Chappell to the custody of federal authorities, but Bureau of Prisons ("BOP") officials subsequently determined that this transfer was made in error, and Chappell was returned to Kentucky's custody on December 15, 2000. The United States Marshals Service filed a detainer against Chappell for his return to federal custody to serve his 106-month sentence after he completed his state sentence. Chappell remained in Kentucky custody serving his Kentucky sentence until some point in 2003.

During this period, Chappell sought relief in the Kentucky courts, arguing that because he was serving his Kentucky sentence first, federal authorities were not crediting him with time against his federal sentence, thus depriving him of the benefit of the Kentucky court's order that his Kentucky sentence be served concurrently with his federal sentence. The Jefferson Circuit Court denied relief, but the Kentucky Court of Appeals vacated

Chappell's Kentucky sentence on equitable grounds in order to give practical effect to this aspect of his sentence. *Chappell v. Commonwealth*, No. 2001-CA-002278-MR, 2003 WL 1227631 (Ky. App. Jan. 31, 2003). The Kentucky Supreme Court granted discretionary review and reinstated Chappell's sentence because Chappell had been returned to federal custody in 2003 to serve his federal sentence. *Commonwealth v. Chappell, Ky.*, No. 2003-SC-0454-DG, 2005 WL 629009 (Ky. Mar. 17, 2005).

Having obtained the primary relief he had sought through his transfer into federal custody, Chappell then sought to obtain relief for the three year period from 2000 to 2003 when his custody by Kentucky officials prevented him from receiving credit against his federal sentence. In 2004 Chappell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Kentucky, seeking that three years of credit toward his federal sentence. *Chappell v. United States*, No. 3:04-CV-P115-H (W.D. Ky. 2004) ("the First Chappell 2241 Petition"). Chappell alleged that the BOP and the United States had relinquished custody over him, and he asked to be relieved from serving his federal sentence. Chappell also argued that he had been denied his due process and equal protection rights to have his federal and state sentences to be served concurrently in accordance with the state judge's orders. The Western District court denied the First Chappell § 2241 Petition, stating that under 18 U.S.C. § 3584(a), "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." [R. 12; *see also Chappell v. United States*, No. 3:04-CV-P115-H, 2006 WL 228937 at *1 (W.D. Ky. Jan.

4

25, 2006).][2] Chappell did not appeal that decision.

In December 2007, Chappell filed in this Court a second petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, again arguing that the BOP should have credited his federal sentence with the time he spent in state custody; that the BOP erred in returning him to state custody on December 15, 2000; and that he should not have been penalized for this error by losing the opportunity to have his federal and state sentences run concurrently prior to his return to federal custody in 2003. *Chappell v. United States*, No. 6:07-CV-412-KKC (E.D. Ky. 2007) ("the Second Chappell § 2241 Petition")

This Court denied the Second Chappell § 2241 Petition, noting both that Chappell had failed to exhaust his BOP administrative remedies, and that his arguments lacked substantive merit. [R. 13 and 14; *see also Chappell v. United States*, No. 6:07-CV-412-KKC, 2006 WL 228937, at *3 (E.D. Ky. Jan. 15, 2008).] The Court further observed that Chappell's five-year sentence for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) could not run concurrently with any other sentence, whether state or federal. [R. 13, at pp. 5-6.] Chappell appealed, but the Sixth Circuit Court of Appeals affirmed. [R. 21, *see also Chappell v. United States*, No. 08-5160 (6th Cir. Nov. 20, 2009).] The Sixth Circuit concluded that Chappell should have, but failed to, exhaust his sentencing claims through the BOP's three-step administrative remedy process, and that Chappell's 5-year sentence for using a firearm during a crime of violence could not run concurrently with any other

---

[2] The district court further stated, "Simply because the United States has released Petitioner from its custody does not mean that it has somehow lost its jurisdiction over the prisoner." *Chappell*, 2006 WL 228937, at *1.

sentence. [R. 21, pp. 2-3.]

On March 28, 2011, Chappell filed in this Court a third petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. *Chappell v. Hogsten*, No. 6:11-CV-94-GFVT (E.D. Ky. 2011) ("the Third Chappell § 2241 Petition"). Chappell again argued that the BOP improperly denied him sentencing credit on his federal sentence from the date it was imposed, and that the BOP had improperly refused to credit his federal sentence with the time he spent in FCI-Manchester before he was transferred back to the Kentucky Department of Corrections ("KDOC") for continued service of his state sentence. [R. 2.] Chappell argued that as a result of these two errors in his sentence computation, the BOP incorrectly calculated his maximum release date as September 3, 2013, when his maximum prison term actually expired in May of 2009. [*Id.*] Thus, Chappell argued that he was being forced to serve four additional years in prison which he should not have been required to serve.

On July 14, 2011, the Court denied the Third Chappell § 2241 Petition. [R. 9 and 10; *see also Chappell v. Hogsten*, No. 6:11-94-GFVT, 2008 WL 160650 (E. D. Ky. July 14, 2011).] The Court determined that: (1) Chappell was not entitled to credit on his federal sentence from July 3, 2000, through November 4, 2004, because he was in federal custody only pursuant to a writ of habeas corpus *ad prosequendum*, status which did not transfer him from state custody to federal custody; (2) the BOP correctly refused to designate *nunc pro tunc* the place where Chappell served his state sentence as the place where he was serving his federal sentence; and (3) Chappell received credit on his state sentence for the time between October 5, 2000, and February 7, 2001, which was the period when Chappell was in custody

6

at the Federal Correctional Institution ("FCI")-Manchester until the KDOC's error was discovered and he was transferred back to the KDOC for continued service of his state sentence. *See Chappell*, 2008 WL 16065, at \*6. Chappell appealed that decision, but on October 11, 2012, the Sixth Circuit dismissed his  appeal for want of prosecution. [R. 14.]

## II.

On November 28, 2012, Chappell filed this *Bivens* action in the Western District. *Chappell v. Tamez*, No. 3:12-CV-798-H (W.D. Ky., 2012).  Chappell alleged that while he was an inmate at FCI-Manchester, Defendants Rebecca Tamez and Vernon Lewis, whom he identified as employees of the Department of Justice and/or the BOP, and "John Doe," whom he identified as a "Computation Specialist" at FCI-Manchester, violated his constitutional rights by miscalculating his federal sentence and causing him to remain in custody four years longer than the term imposed by the Western District. [R. 1.]  Chappell alleges that the defendants' actions violated his rights guaranteed by the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution. [*Id.*, p. 5.]  Chappell demands $50,000.00 in compensatory damages, $50,000.00 in punitive damages, his attorney's fees, and all other relief to which he may be entitled. [*Id.*, p. 6.]

On January 3, 2013, the Western District granted Chappell's motion to proceed *in forma pauperis*, but four months later, transferred this case to this district based on the venue considerations set forth in 28 U.S.C. § 1391(b). [R. 6, p. 2.]

## III.

In this *Bivens* proceeding, Chappell appears to challenges not only the manner in

which the named defendants calculated the term of his federal sentence (in relation to his

state sentence), but also the validity of his underlying sentence. Chappell states:

> (11)    Plaintiff alleges that his Sixth and Fourteenth Amendment rights to appeal **the erroneous sentence imposed upon plaintiff** by Federal Bureau of Prisons officials had been denied plaintiff.
>
> (12)    Plaintiff alleges that his **Sixth and Fourteenth Amendment rights to the assistance of counsel has been violated in sentencing of a criminal defendant.**

Complaint, [R. 1, p. 5, ¶¶ 11-12 (emphasis added).]

Chappell may not pursue his claims seeking compensatory and punitive damages from

the defendants in this *Bivens* proceeding. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the

Supreme Court ruled that a prisoner cannot bring a civil rights action directly challenging his

confinement, until and unless the reason for his continued confinement has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal, or has

otherwise been called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. A claim challenging confinement must be dismissed regardless of whether the

plaintiff seeks injunctive or monetary relief. *Id.* at 489-90 (claim for damages is not

cognizable); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90(1973) (claim for injunctive relief is

only cognizable under 28 U.S.C. § 2254).

Chappell did not appeal either his federal convictions for bank robbery and using a

firearm during a crime of violence **or** his resulting 106-month sentence, so he cannot

establish that his conviction and sentence have been reversed on direct appeal. Chappell did

not collaterally challenge his sentence in the Western District by filing a motion under 28

U.S.C. § 2255, so he cannot establish that his sentence has been called into question by a

8

federal court's issuance of a writ of habeas corpus under § 2255. Additionally, as explained herein, Chappell has filed three unsuccessful habeas petitions under § 2241 challenging the manner in which the BOP calculated his federal sentence, so he cannot establish that his sentence has been called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Success on the claims which Chappell asserts in this *Bivens* proceeding would necessarily call into question the validity of the 106-month sentence imposed by the Western District. A federal prisoner may not bring a *Bivens* action that calls into question his conviction unless he demonstrates that the conviction has been reversed on direct appeal, declared invalid, expunged by executive order, or called into question by in a habeas corpus proceeding. *See Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003); *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir.1998). Because Chappell has failed to meet this standard by establishing that his conviction has been reversed or invalidated in some manner, his *Bivens* complaint will be dismissed with prejudice.

## IV.

Even assuming that the scope of Chappell's challenge is limited to the manner in which the BOP defendants calculated the exact term of his federal sentence, the principle of issue preclusion would bar Chappell's *Bivens* claims. Issue preclusion, often referred to as collateral estoppel, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990).

Four requirements must be met before issue preclusion applies: (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589–90 (6th Cir. 2009) (citing *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987)).

In this *Bivens* action, Chappell challenges the manner in which the BOP calculated the length of his federal sentence, which is the same claim he unsuccessfully advanced in his three prior § 2241 proceedings. Chappell has alleges that the federal officials who computed his federal sentence (which he has now fully served) violated his federal constitutional rights, and that he should be financially compensated for their alleged actions, but regardless of the labels Chappell now uses, these are the same claims which he unsuccessfully asserted in his three prior § 2241 proceedings. Thus, the first factor supporting the application of collateral estoppel--identity of the issue--is satisfied.

The second factor for collateral estoppel is met because the determinations made by this Court and the Western District in all three of Chappell's prior § 2241 proceedings were central to the outcome of those proceedings. The third factor for collateral estoppel is satisfied because final judgments (adverse to Chappell) were rendered in the dismissal of all

10

three of Chappell's § 2241 proceedings, and Chappell did not successfully pursue appeals in any of those three proceedings.

The fourth factor for collateral estoppel has been met because in his three prior § 2241 proceedings, Chappell had a full and fair opportunity to litigate the same issue that he raises in this proceeding. "Where a litigant brings repeated actions based upon the same operative facts, issue preclusion may still properly apply despite a change in legal theory or the "cast of characters-defendants." *Georgia–Pacific Consumer Products LP v. Four–U–Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (citing *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 908 (6th Cir. 2001) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.")

In this *Bivens* action, Chappell attempts to circumvent the denial of the First Chappell § 2241 Petition, the Second Chappell § 2241 Petition, and the Third Chappell § 2241 Petition, wherein both this Court and the Western District refused to order the BOP to credit Chappell's federal sentence with three or four years of time which Chappell alleged he should have received. The doctrine of issue preclusion/collateral estoppel bars such claims. Chappell's *Bivens* complaint will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Plaintiff Alonzo Chappell's 28 U.S.C. § 1331 civil rights complaint [R.1] is

**DISMISSED WITH PREJUDICE**.

3.      The Court shall enter an appropriate judgment.

4.      This matter is **STRICKEN** from the active docket.

This October 25, 2013.

Signed By: 
Gregory F. Van Tatenhove
United States District Judge

12